**REN DI LI, Petitioner,**

v.

**Michael B. MUKASEY, Respondent.**

No. 06–5039–ag.

United States Court of Appeals, Second Circuit.

Oct. 6, 2008.

**400**

Ren Di Li, pro se, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division, M. Jocelyn Lopez Wright, Assistant Director, Daniel E. Goldman, Senior Litigation Counsel, U.S. Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. JOSEPH M. McLAUGHLIN and Hon. GUIDO CALABRESI, Circuit Judges.

### SUMMARY ORDER

Petitioner Ren Di Li, a native and citizen of the People's Republic of China, seeks review of an October 4, 2006 order of the BIA affirming the May 31, 2005 decision of Immigration Judge ("IJ") Philip L. Morace, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture

("CAT"). *In re Ren Di Li*, No. A97 954 673 (B.I.A. Oct. 4, 2006), *aff'g* No. A97 954 673 (Immig. Ct. N.Y. City May 31, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision and supplements it, this Court reviews the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). Because the BIA did not reach the IJ's credibility finding, we assume Li's credibility for the purposes of our analysis. *See id.* We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed *de novo*. *See, e.g., Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

■ Under this Court's decision in *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309, 313–14 (2d Cir.2007), Li may establish eligibility for asylum based only on persecution that he himself suffered or has a well-founded fear of suffering in the future. Thus, as the BIA found, Li is not *per se* eligible for relief based on his girlfriend's alleged forced abortion. *See id.* However, Li argues that the BIA erred in finding that he did not merit relief based on his "other resistance" to China's family-planning policy. 8 U.S.C. § 1101(a)(42).

■ According to Li, he engaged in "other resistance" to China's family-planning policies by attempting to stop family-planning officials from removing his girlfriend from her home for the purpose of subjecting her to a forced abortion. He alleges that the officials responded to his interference by kicking him and pushing him to the ground. In addition, he points to his testimony that family-planning officials came to his home to arrest him seven

days after his girlfriend's forced abortion. Li argues that such evidence is sufficient to establish that he engaged in "other resistance" and that he has a well-founded fear of persecution on that basis. We disagree.

The agency properly found that there was insufficient evidence in the record to conclude that family-planning officials would persecute Li based on his "other resistance." Even assuming that Li's attempts to physically interfere with the family-planning officials who removed his girlfriend from her home constituted "resistance," Li has not even alleged that he suffered harm amounting to persecution on account of that resistance. *See Shi Liang Lin*, 494 F.3d at 313. Furthermore, Li has not established the requisite likelihood that he will be subjected to future persecution.

Because Li failed to demonstrate a well-founded fear of persecution for the purposes of his asylum claim, he also necessarily failed to meet the higher burden of proof required to prevail on his claims for withholding of removal as well as his claim for CAT relief to the extent that it was based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006). Finally, to the extent that Li's CAT claim was based on his allegation that he would be subjected to torture based on his illegal departure from China, that claim has been abandoned. *See Gui Yin Liu v. INS*, 508 F.3d 716, 723 n. 6 (2d Cir.2007).

For the foregoing reasons, the petition for review is DENIED. The pending motion for *in forma pauperis* is DISMISSED as moot. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DE-

NIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).